This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                        **No. 34,044**

**JAMES SWARTOUT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Hector H. Balderas, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Assistant Appellate Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Defendant appeals from a district court judgment and sentence entered after he conditionally pled guilty to possession of a firearm by a felon and possession of marijuana. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2}     Defendant continues to argue that the district court erred in denying his motion to suppress. [MIO 6] "In reviewing a trial court's denial of a motion to suppress, we observe the distinction between factual determinations which are subject to a substantial evidence standard of review and application of law to the facts[,] which is subject to de novo review." *State v. Nieto*, 2000-NMSC-031, ¶ 19, 129 N.M. 688, 12 P.3d 442 (internal quotation marks and citation omitted). "We view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964.

{3}     Here, Officer Shane Utley testified that he was driving his vehicle when he noticed a vehicle in flames on the side of the road. [MIO 1] Defendant was attempting to put out the fire by using clothing. [DS 2] Officer Utley pulled over and assisted Defendant by using a fire extinguisher. [MIO 1] At some point during this incident Officer Utley saw a firearm in the vehicle. [MIO 1] Officer Utley obtained

Defendant's identifying information, which he ran through dispatch. [MIO 1] Officer Utley learned that Defendant was a felon, and he arrested Defendant for being a felon in possession of a firearm. [MIO 1]

{4}	Defendant does not dispute that Officer Utley was acting in his capacity as a community caretaker at the time he assisted Defendant in putting out the fire. Instead, Defendant continues to maintain that there was no longer a need for Officer Utley to act as a community caretaker once the fire was extinguished. The community caretaker doctrine recognizes that police sometimes act outside of their role as criminal investigators. *See State v. Ryon*, 2005-NMSC-005, ¶ 13, 137 N.M. 174, 108 P.3d 1032. In doing so, an officer does not need reasonable suspicion nor does probable cause bind police when they effect a seizure. *Id.* ¶ 24 ("[W]arrants, probable cause, and reasonable suspicion are not required when police are engaged in activities that are unrelated to crime-solving."). Instead, we consider whether the officer acted reasonably under the particular facts of the case. *Id.* In considering the propriety of the officer's actions, courts must balance "the public need and interest furthered by the police conduct against the degree of and nature of the intrusion upon the privacy of the citizen." *Id*. (internal quotation marks and citation omitted). For an officer to act as a community caretaker, he or she needs to have been motivated by a desire to aid and not a desire to investigate. *Id*. ¶ 25.

**{5}** In his memorandum in opposition, Defendant is equating a community caretaker situation with one involving a detention based on suspected criminal activity. For cases involving the latter situation, well-settled law required that once the basis for the detention has ended, the detention may not be prolonged absent additional indicia of criminal activity. *See generally State v. Funderburg*, 2008-NMSC-026, ¶ 14, 144 N.M. 37, 183 P.3d 922. However, as set forth above, the community caretaker doctrine involves a broader analysis that asks whether the officer acted reasonably under the circumstances.

**{6}** In this case, we agree with the district court that it was reasonable for the officer to gather information for purposes of documenting the incident, which could be relevant for any property damage claim that might be raised. [RP 67] In other words, the officer's conduct was a legitimate part of the community caretaker aspect of this particular encounter. More specifically, the officer was acting in his public servant capacity in responding to the incident and requiring Defendant's presence to assure that it is properly resolved). *Cf. State v. Sheehan*, 2015-NMCA-021, ¶ 12, 344 P.3d 1064 (noting that the scope of the community caretaker stop must relate to the purpose of the stop, i.e. assistance and not criminal investigation). In addition, the district court found that an independent, prolonged detention did not occur, since Defendant was on the phone outside of his vehicle when the officer ran the information through

4

dispatch. [RP 67] In balancing any minimal detention that may have occurred here against the public's and Defendant's interest in gathering information related to the incident, we conclude that the district court properly denied the motion to suppress.

{7} For the reasons set forth above, we affirm.

{8} **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**